# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DARIO DRAKES,**                                                                                          **PLAINTIFF**

**vs.**                                                    **CIVIL ACTION NO.: 3:13CV133-B-A**

**T.C.C.F., et al.,**                                                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

On August 22, 2013, plaintiff Dario Drakes, an inmate housed at the Tallahatchie County Correctional Facility, appeared before the undersigned for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

## Plaintiff's Allegations

Dario Drakes, a California inmate who is being housed at the Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi, wants to obtain his GED certificate. Drakes maintains that he suffers dyslexia and requires special GED testing accommodations, such as access to a dictionary and additional time to complete the exam. He alleges that he has repeatedly sought accommodations through grievance channels in the various states in which he has been incarcerated, but he alleges that he is moved to a different facility before he can

---

[1] 28 U.S.C. § 1915(g).

complete the process of requesting an accommodation at any given facility. He maintains that he has been housed at TCCF for close to a year, and that officials at TCCF refuse to refer him for a doctor's assessment. Drakes maintains that without a doctor's assessment that he has a learning disability, he cannot receive an accommodation. In an effort to obtain an accommodation and seek monetary damages, Drakes has filed suit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 (ADA). Named as defendants in this action are TCCF, Warden Fifueroa, Principal George, Grievance Coordinator P. Smith, the Corrections Corporation of America, the Mississippi Department of Education, Associate Warden James Nuchring, and the California Out-of-State Correctional Facility.[2]

## Discussion

According to the documents filed with the complaint in this action, the State GED instructor sent Drakes a letter on April 18, 2013, offering him instruction on how to request an accommodation for GED testing. (*See* ECF no. 1, p. 14). The GED instructor stated that a copy of the letter was being sent to defendant P. Smith, who could request a copy of the Accommodations Request Form from the GED Examiner who came to the prison and administered the GED exam. (*See id.*). In the letter, Drakes was instructed that the Accommodations Request Form must be filled out and signed by a doctor who assessed Drakes and found a disability, and that the form could then be sent to GED Testing Service in Washington for a determination of whether Drakes is entitled to an accommodation. (*See id.*).

At the *Spears* hearing, Drakes stated that the Warden at TCCF has refused to allow him to be evaluated by a doctor. He also maintains that defendant P. Smith has not attempted to

---

[2] Although not identified in his initial complaint, Drakes identified Warden Fifueroa and Principal George as responsible parties at the *Spears* hearing, thereby amending his complaint to include these defendants.

provide him with an Accommodations Request Form or contacted him regarding the letter from the State GED Director.

Title II of the ADA, which applies to prisoners, states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998). To state a claim for the violation of the ADA, a plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefit of services, programs, or activities for which the public entity is responsible. . . ; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Accepting as true that Drakes suffers dyslexia, and that the diagnosis of such would render him a "qualified individual" under the ADA, he has stated a claim against CCA, TCCF, and the named defendants employed at TCCF. However, the decision of whether to grant an accommodation lies with the GED Testing Service, and requests for accommodations must be made to that entity. *See Accommodations from GED Testing Service*, available at http://www.gedtestingservice.com/testers/accommodations-for-disability (last visited August 23, 2013). From the documents attached to his complaint and the testimony he gave at the *Spears* hearing in this cause, it does not appear that Drakes is asserting that the California Out-of-State Correctional Facility, the Mississippi Department of Education, or Associate Warden James Nuchring have acted with a discriminatory purpose to prevent him from requesting a GED testing accommodation. Therefore, they should be dismissed from this action.

In sum, the undersigned respectfully recommends that this action be dismissed as to the defendants the California Out-of-State Correctional Facility, the Mississippi Department of

Education, and Associate Warden James Nuchring. The undersigned respectfully recommends that process issue for the remaining defendants.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this the 26th day of August, 2013.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE